IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KHURSHED A. CHOWDHURY<br>401 Southview Avenue<br>Silver Spring, MD 20905 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action No. |
| MIKE JOHANNS, Secretary,<br>U.S. DEPARTMENT<br>OF AGRICULTURE<br>100 Independence Avenue, SW<br>Washington, DC 20250 | )<br>)<br>)<br>)<br>)<br>) | June 5, 2007 |
| Defendant | )<br>) | |

**COMPLAINT**

**JURISDICTION**

1.   The plaintiff, Khurshed A. Chowdhury (hereafter called the plaintiff or Dr. Chowdhury) brings this action against the defendant, his former employer, for violating The Age Discrimination In Employment Act (ADEA), 29 U.S.C. §621, et. seq. at §633a(a) and §717 of Title VII of the Civil Rights Act of 1964, as amended, (Title VII) 42 U.S.C. §2000e, et. seq. at §2000e-16, incorporating the provisions of §§703 and 704 of Title VII, 42 U.S.C. §§2000e-2 and 3.  The defendant discriminated against Dr. Chowdhury because of his age, race, national origin, and because he filed discrimination complaints.

2.   Jurisdiction of this Court is provided under 42 U.S.C. §§2000e-5 and 16 and 29 U.S.C. §633a(c).

3.   Venue in this district is appropriate inasmuch as the plaintiff was employed with the defendant in this district and the acts of discrimination complained of all took place in this

district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4.      On or about March 7, 2006 (re-filed from informal complaint filed on August 11, 2005), July 14, 2006 and October 17, 2006, the plaintiff initiated timely formal complaints of discrimination under the EEOC regulations based on age, race, national origin and later retaliation regarding the defendant's unsatisfactory ratings of his performance and his removal from the federal service. These complaints have been pending more than 120 days after their filing and they have not been resolved.

5.      Thus, prior to this lawsuit, the plaintiff has otherwise exhausted his administrative processing requirements and all administrative remedies.

**PARTIES**

6.      The plaintiff, Dr. Chowdhury, is a resident of the State of Maryland and is a U.S. citizen.

7.      Dr. Chowdhury is of the South Asian race. His country of national origin is Bangladesh. He was over 63 years of age at the time of the discriminatory actions set forth herein.

8.      The defendant, Mike Johanns, is Secretary of the U.S. Department of Agriculture.

9.      As such, he is responsible for administering the defendant's employment policies and for preventing discrimination within its ranks. He is sued in his official capacity.

**STATEMENT OF CLAIMS**

10.     Dr. Chowdhury received his doctor of veterinary medicine in 1965 in Bangladesh. He also received a PhD in veterinary pathology in the Czech Republic in 1969.  After getting his PhD, he taught pathology at Bangladesh Agricultural University for 12 years.

11.     Dr. Chowdhury immigrated to the United States in December 1974 and he started working at the Cancer Research Center in Valhalla, NY.

12. In 1977, Dr. Chowdhury began working at the Maryland Department of Agriculture, as Chief Veterinary Pathologist. He worked there for six years. He received good evaluations each year and performance bonuses.

13. In 1981, Dr. Chowdhury began work at the Food and Drug Administration as a Veterinary Medical Officer pathologist. He worked there until 1985 when he returned to Bangladesh. He worked in Bangladesh as a pathologist until the end of 1990.

14. In 1991 Dr. Chowdhury returned to the United States and began working with the defendant as a Veterinary Medical Officer pathologist in the division of Pathology in the Office of Public Health Sciences/Food Safety and Inspection Service (OPHS/FSIS).

15. Later he was assigned to the Food Animal Science Division (FASD) which was re-named later as Zoonoses Disease and Residue Surveillance Division (ZDRSD) of OPHS/FSIS.

16. From 1991 to 2004, Dr. Chowdhury consistently received fully satisfactory to superior performance evaluations, including one from Dr. Alice Thaler in 1995 when she was his supervisor for several months.

17. In 2004, the defendant assigned Dr. Thaler to the position of Director of FASD and she became Dr. Chowdhury's second line supervisor. Dr. Chowdhury's first line supervisor was Dr. Delila Parham.

18. In July 2005, for the first time since he began working for the defendant, Dr. Chowdhury received an unacceptable performance evaluation. Dr. Parham signed the evaluation and Dr. Thaler approved it.

19. The only deficiency was Dr. Chowdhury's alleged failure to complete a research project on toxoplasmosis for publication in a scientific journal. Further, in rating his performance

unacceptable, Parham and Thaler did not give him any credit for the more than thirty reports that he completed during the same rating period.

20. The central part of Dr. Chowdhury's job was to prepare reports that served as a scientific basis for the agency's rules and regulations to prevent the spread of food borne diseases, especially of BSE (bovine spongiform encephalopathy or "mad cow disease"), an extremely critical food safety issue for the agency.

21. Most of the reports that Dr. Chowdhury prepared were directly related to the part of Dr. Chowdhury's job that supported FSIS' critical mission which was his work on BSE.

22. Moreover, FSIS' mission does not involve, and it is prohibited from, conducting scientific research. Publication of papers based on independent scientific research is not described as part of FSIS' Agency Mission and Objectives according to 9 CFR part 300.

23. Further, research for publication of an article in a scientific journal could not be considered a critical element of Dr. Chowdhury's job because it was originally assigned as a special project and concerned communications.

24. The agency performance plan does not list performance on special projects as part of the job's critical element. It also lists publications for scientific journals as part of communications which is also a non-critical element.

25. For all these reasons, Dr. Chowdhury should not have received an unacceptable performance review or been subject to a performance improvement plan for allegedly failing to complete the toxoplasmosis paper.

26. In addition, at the time, Parham and Thaler did not assign this research and publishing project to any other employee in ZDRSD. In fact, prior to Dr. Chowdhury nobody in ZDRSD

has received an unacceptable performance rating solely because he or she failed to perform acceptably on a peer-review research paper.

27.     Therefore, the defendant should not have required Dr. Chowdhury to submit a research paper for peer-review publication in order to be rated acceptable and in order to retain his job.

28.     As a result of the unacceptable evaluation, Parham and Thaler placed Dr. Chowdhury on a performance improvement plan (PIP) in August 2005.

29.     During the PIP, they required Dr. Chowdhury to submit three research papers: one on toxoplasmosis, one requiring him to describe poultry salmonella serotypes and one on world wide emerging zoonoses.

30.     Despite the heavy pressure and very rigid PIP-deadlines, Dr. Chowdhury prepared and submitted all the papers on time.  Parham and Thaler found that his paper on world wide emerging zoonoses was acceptable.

31.     However, Parham and Thaler found Dr. Chowdhury's work on the toxoplasmosis and salmonella papers was unacceptable.

32.     Drs. Thaler and Parham knew, or should have known, that their requirements for the salmonella serotypes paper were impossible for Dr. Chowdhury to perform.  The description of these serotypes did not exist in any single book of scientific literature and would take years to complete.

33.     Further, Dr. Chowdhury was not fully qualified to prepare a paper on salmonella serotypes because it required a specialist in microbiology.  OPHS has a full fledged division of microbiology that has many qualified microbiologists who the agency could have assigned to write this paper.

34. As to the toxoplasmosis paper, Drs. Thaler and Parham never approved the specific contents of the toxoplasmosis paper until October 2005 or several weeks after Dr. Chowdhury was into the PIP.

35. As support for their findings, Drs. Thaler and Parham also criticized some of the scientific statements in the papers even though Dr. Chowdhury was merely including information from other published scientific articles. They also unjustly accused him of errors based upon factual statements of others in these articles that he used to support the reports.

36. Further, they brought false allegations about the contents of the reports, thereby punishing him for mistakes which he did not commit. Even though the reports were only initial drafts, they did not have major grammatical, spelling errors or major scientific flaws as they claimed.

37. Finally, as with any other paper prepared for a scientific journal, it was expected that the toxoplasmosis paper would be reviewed by other experts before it became final.

38. As a result of finding his work on the two papers unacceptable, at the end of the PIP, Parham and Thaler proposed Dr. Chowdhury for removal.

39. After the proposed removal, Thaler continued to criticize Dr. Chowdhury's work for no apparent reason, including on or about June 9, 2006 after Dr. Chowdhury had written a report on BSE for Dr. Kristen Holt.

40. Relying exclusively on Thaler's and Parham's recommendations, the defendant removed Dr. Chowdhury from federal employment effective September 1, 2006.

41. In declaring Dr. Chowdhury's performance unacceptable and recommending his removal, Drs. Parham and Thaler treated him differently from the way they treated other, similarly

situated Veterinary Medical Officers in ZDRSD, including Jane Harman, Maqbool Qureshi and Bernard Salamone.

42.     Harman and Salamone were not originally from Bangladesh and were substantially younger than Dr. Chowdhury and had not previously filed discrimination complaints against the agency. Prior to the filing of Dr. Chowdhury's discrimination complaints, none of them had to publish a peer-review article in order to receive a satisfactory performance rating.

43.     Not only was Dr. Chowdhury treated differently from others on his level in the branch, as early as December 2004, Dr. Parham told Dr. Chowdhury that he was too old to continue in his job and that she wanted him to retire. Dr. Thaler also made similar remarks in a separate meeting. Their criticism of his work on the toxoplasmosis and salmonella papers was their means of accomplishing their goal of removing him from his position.

44.     Further, after Dr. Chowdhury filed his first EEO complaint, he was assured that he would receive a fair review of his work during the PIP. That did not happen. His treatment worsened and he was accused of having poor performance when that was not the case.

45.     Moreover, Dr. Chowdhury's past record shows that, prior to July 2005, he had always received satisfactory or superior ratings. He also had received several awards. In fact, in the middle of 2004 he received a letter of appreciation from FSIS Administrator Barbara Master for his work on BSE prevention.

46.     Thaler and other of the defendant's management officials, have also discriminated against other employees who were South Asian, older and/or who had filed EEO complaints.

47.     The sudden change in Dr. Chowdhury's performance evaluations and the decision to remove him were motivated by the defendant's discrimination and retaliation against him and were not caused by Dr. Chowdhury's alleged unacceptable performance.

**CLAIM ONE (DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN IN RATING THE PLAINTIFF'S PERFORMANCE UNACCEPTABLE AND IN REMOVING HIM FROM FEDERAL EMPLOYMENT)**

48.     The plaintiff incorporates by reference paragraphs one through 47 herein.

49.     By the actions described in paragraphs one through 47, in rating his performance unacceptable and otherwise criticizing his performance as well as by removing him from his position as a Veterinary Medical Officer, the defendant discriminated against Dr. Chowdhury on the basis of his race and national origin.

50.     The defendant's actions violated §703 of Title VII, 42 U.S.C. §§2000e-2 as incorporated into §717 of Title VII, 42 U.S.C. §2000e-16.

51.     As a result of the defendant's unlawful conduct, Dr. Chowdhury has suffered damages in the form of lost wages, benefits and other attendant rights and privileges of his employment.

52.     As a result of the defendant's unlawful conduct, Dr. Chowdhury has suffered and continues to suffer, loss of employment opportunities, mental and emotional distress and loss of enjoyment of life.

**CLAIM TWO (DISCRIMINATION BASED ON AGE IN RATING THE PLAINTIFF'S PERFORMANCE UNACCEPTABLE AND IN REMOVING HIM FROM FEDERAL EMPLOYMENT)**

53.     The plaintiff incorporates by reference paragraphs one through 52 herein.

54.     By the actions described in paragraphs one through 52, in rating his performance unacceptable and otherwise criticizing his performance as well as by removing him from his position as a Veterinary Medical Officer, the defendant discriminated against Dr. Chowdhury on the basis of his age.

55.     The defendant's actions violated the ADEA, 29 U.S.C. §633a(a).

56.     As a result of the defendant's unlawful conduct, Dr. Chowdhury has suffered damages in

the form of lost wages, benefits and other attendant rights and privileges of his employment.

**CLAIM THREE (DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON FILING EEOC COMPLAINTS IN RATING THE PLAINTIFF'S PERFORMANCE UNACCEPTABLE AND REMOVING HIM FROM FEDERAL EMPLOYMENT)**

57.     The plaintiff incorporates by reference paragraphs one through 56 herein.

58.     By the actions described in paragraphs one through 56, in rating his performance unacceptable and otherwise criticizing his performance, as well as by removing him from his position as a Veterinary Medical Officer, the defendant discriminated against Dr. Chowdhury because he exercised his rights under Title VII to file EEOC complaints against the defendant.

59.     The defendant's actions violated §704 of Title VII, 42 U.S.C. §2000e-3 as incorporated into §717 of Title VII, 42 U.S.C. §2000e-16.

60.     As a result of the defendant's unlawful conduct, Dr. Chowdhury has suffered damages in the form of lost benefits and other attendant rights and privileges of his employment.

61.     As a result of the defendant's unlawful conduct, Dr. Chowdhury has suffered and continues to suffer loss of employment opportunities, mental and emotional distress and loss of enjoyment of life.

**CLAIM FOUR (DISCRIMINATION IN VIOLATION OF THE ADEA BASED ON FILING EEOC COMPLAINTS IN RATING THE PLAINTIFF'S PERFORMANCE UNACCEPTABLE AND REMOVING HIM FROM FEDERAL EMPLOYMENT)**

62.     The plaintiff incorporates by reference paragraphs one through 61 herein.

63.     By the actions described in paragraphs one through 61, in rating his performance unacceptable and otherwise criticizing his performance, as well as by removing him from his position as a Veterinary Medical Officer, the defendant discriminated against Dr. Chowdhury because he exercised his rights under the ADEA to file EEOC complaints against the defendant.

64.     The defendant's actions violated 29 U.S.C. §633a(a).

65.     As a result of the defendant's unlawful conduct, Dr. Chowdhury has suffered damages in the form of lost benefits and other attendant rights and privileges of his employment.

**DEMAND FOR RELIEF**

WHEREFORE, the plaintiff requests that this Court:

1. Issue a declaratory ruling that the defendant has violated the plaintiff's rights under Section 717 of Title VII, 42 U.S.C.§2000e-16, incorporating Sections 703 and 704 of Title VII, 42 U.S.C.§§2000e-2 and 3 and the ADEA , 29 U.S.C. §633a(a);

2. Issue an order requiring the defendant to reinstate the plaintiff's employment with the with acceptable performance ratings;

3. Issue an order against the defendant awarding the plaintiff back and/or front pay and benefits and restoring to his all other benefits, rights and privileges of his employment;

4. Issue an order against the defendant awarding the plaintiff compensatory damages for his loss of career opportunities, mental and emotional distress and loss of enjoyment of life that he suffered as a result of the defendant's violations of Title VII;

5. Issue an order against the defendant awarding the plaintiff costs of prosecuting this action, including reasonable attorney's fees;

6. Issue an order against all defendant awarding the plaintiff pre- and post- judgment interest; and

7. Issue an order awarding the plaintiff such other relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

The plaintiff hereby demands a trial by jury with regard to all issues to which he is entitled under law.

Respectfully Submitted,

The Plaintiff,
Khurshed A. Chowdhury


By      /s/ James L. Kestell_____
        James L. Kestell
        D.C. Bar # 955310

        /s/ Jonathan L. Gould_____
        Jonathan L. Gould
        DC Bar #491052

        Kestell and Associates
        1012 14th Street, NW, Suite 630
        Washington, DC 20005
        Tel. 202-347-3889
        Fax 202-347-4482
        Email: jlkestell@cox.net
        Email: jgould@igc.org

        Attorneys for the Plaintiff

11

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

KHURSHED A. CHOWDHURY
401 Southview Avenue
Silver Spring, MD 20905

## DEFENDANTS

MIKE JOHANNS, Secretary, U.S. DEPARTMENT OF AGRICULTURE
100 Independence Avenue, SW
Washington, DC 20250

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

James L. Kestell  DC #955310
Jonathan L. Gould  DC #491052
KESTELL & ASSOCIATES
1012 14th Street, NW, Suite 630
Washington DC 20005

Case: 1:07-cv-00997
Assigned To : Lamberth, Royce C.
Assign. Date : 6/1/2007
Description: Employment Discrimination

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*
☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*    OR    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ● H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Race, age, national origin discrimination and retaliation in violation of 42 U.S.C. section 2000e-16 and 29 U.S.C. section 633a

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE  5/31/07    SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.